UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DONNIE MAXWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 15-1507 |
| ) | |
| KIMBERLEY BUTLER, Warden, ) | |
| Menard Correctional Center, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER AND OPINION**

This matter is now before the Court on Donnie Maxwell's Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and Respondent's Motion [6] to Dismiss. For the reasons stated herein, Petitioner Maxwell's Petition [1] is Dismissed with prejudice.

**Background**

In 2010, the McLean County Circuit Court sentenced Petitioner Maxwell to an aggregate term of fifty-four years of imprisonment following a jury trial where Petitioner was found guilty of two counts predatory criminal sexual assault, three counts of criminal sexual assault, and one count of aggravated criminal sexual abuse. *People v. Maxwell*, No. 08-CF-327 (McLean Cnty. Cir. Ct. 2010). On appeal the Illinois Appellate Court affirmed Maxwell's conviction and vacated his sentence in part remanding with directions. *People v. Maxwell*, No. 4-10-0434 (Ill. App. Ct. 2011). On May 30, 2012, the Illinois Supreme Court denied the Maxwell's Petition for

1

leave to appeal. *People v. Maxwell*, No. 114087 (Ill. 2012). Maxwell did not file a petition for a writ of certiorari in the United States Supreme Court.

On January 17, 2013, Maxwell filed a petition for postconviction relief in McClean County Circuit Court, alleging ineffective assistance of both trial and appellate counsel. The trial court dismissed Maxwell's petition for postconviction relief and the appellate court affirmed. *People v. Maxwell*, No. 08-CF-327 (McLean Cnty. Cir. Ct.); *aff'd*, No. 4-13-0324 (Ill. App. Ct. 2015). The Illinois Supreme Court denied Maxwell's petition for leave to appeal on March 25, 2015. *People v. Maxwell*, No. 118831 (Ill. 2015). On October 5, 2015, the United States Supreme Court also denied Maxwell's petition for writ of certiorari. *Id.*, *cert. denied*, 136 S. Ct. 172 (2015).

On December 16, 2015, Maxwell filed this habeas Petition pursuant to § 2254. Maxwell dated the notice of filing on November 12, 2015, but the petition was not notarized until December 11, 2015 and was signed by Maxwell on December 12, 2015. Maxwell's §2254 Petition asserts four claims: (1) two affidavits were overlooked regarding witness testimony and the victim's personal life; (2) trial counsel was ineffective for failing to gather all the dates Maxwell was previously incarcerated; (3) petitioner was charged with the same crime twice; and (4) trial counsel was ineffective for failing to put any witnesses on the stand. This Opinion follows.

## Discussion

Respondent's motion addressed the issue of timeliness under Title 28 United States Code Section 2244(d)(1). Maxwell did not raise the issue of equitable tolling of the limitations period or any procedural default to be excused under the fundamental miscarriage of justice exception.

**1) Maxwell's Petition is untimely under §2244(d)**

Respondent requests that this Court dismiss Maxwell's § 2254 Petition as untimely. Section 2244(d) provides statutory time limits on whether a district court may entertain a petition for a writ of habeas corpus, and states, in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

> 28 U.S.C § 2244(d).

Maxwell's Petition will be timely only if filed within the time limitations required by 28 U.S.C. § 2244(d). Maxwell does not argue there was any state-created impediment to filing, that the Supreme Court has recognized a new right retroactively applicable to cases on collateral review, or the existence of a new factual predicate that could not have been discovered through due diligence previously. 28 U.S.C. § 2244(d)(1)(B,C,D). Thus, Maxwell's Petition is timely only if it meets the 1-year limit set forth in 28 U.S.C. § 2244(d)(1)(A).

Here, Maxwell's judgment became final on August 28, 2012, ninety days after the Illinois Supreme Court denied his petition for leave to appeal. See U.S. Sup. Ct. R. 13. Under 28 U.S.C.

3

§ 2244(d)(2), the limitations period is tolled during the time a properly filed application for state postconviction relief or other collateral review is pending. Maxwell's postconviction petition was filed on January 17, 2013, 142 days after his conviction became final on August 28, 2012. The limitations period was tolled until March 25, 2015, when the Illinois Supreme Court denied Maxwell's postconviction petition for leave to appeal. See *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (no tolling for period available to file a petition for writ of certiorari in United States Supreme Court following state collateral review). Starting with 365 days and subtracting the 142 days after the postconviction petition was filed, Maxwell's habeas Petition was due 223 days later, by November 3, 2015. However, Maxwell's habeas petition was not filed until November 12, 2015, which was at least ten days late.[1] Furthermore, Maxwell has not presented any new evidence or alleged any grounds to justify equitable tolling. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). Thus, Maxwell's habeas Petition must be dismissed as untimely under 28 U.S.C. § 2244.

**2) Certificate of Appealability**

Rule 11(a) of the Rules Governing §2254 Proceedings orders district courts to issue or deny a certificate of appealability when entering a final order adverse to the applicant. To obtain a certificate of appealability, the petitioner has to have made a substantial showing of the denial of a constitutional right required by 28 U.S.C. §2253(c)(2). In *Slack v. McDaniel*, the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue "when the prisoner shows, at least, that jurists of reason would find it debatable

---

[1] Maxwell's Petition contains three different dates. Rule 3(d) of the Rules Governing § 2254 Petitions provides "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing…Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Here, the petition is untimely even if Petition is afforded the earliest date.

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000).  Here, no reasonable jurist would find Maxwell's Petition to be timely, nor has he provided any new evidence to excuse his untimeliness or procedural default. Accordingly, this Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Petitioner Maxwell's Petition [1] is Dismissed with prejudice.

Entered this 24th day of June, 2016.

> s/ James E. Shadid
> James E. Shadid
> Chief United States District Judge